|  |  |  |
|---|---|---|
| A.J., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 5:19-cv-01768 |
| | : | |
| LANCASTER COUNTY; CRYSTAL A. | : | |
| NATAN, *Executive Director*; ROBIN | : | |
| BOYER; ALEXIS PALMER; | : | |
| CHRISTOPHER HORNBERGER; | : | |
| CHRISTINE SEBASTIAN-BAIR; | : | |
| DIAKON-SWAN, LLC; DIAKON | : | |
| LUTHERAN SOCIAL SERVICES; | : | |
| FAMILY DESIGN RESOURCES, INC.; | : | |
| and PAT DOES #1-10, | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

**O P I N I O N**
**Defendants' Motions to Dismiss, ECF Nos. 21 and 22 — Granted**
**Defendant's Motion to Strike, ECF No. 22 — Denied as moot.**

**Joseph F. Leeson, Jr.**             **October 11, 2019**
**United States District Judge**

## I.    INTRODUCTION

A.J., the biological father of a minor, filed this action against Lancaster County, Crystal

Natan, Robin Boyer, Alexis Palmer, Christopher Hornberger, Courtney Restemayer, Esq., David

J. Natan, Esq., (collectively, "the County"); Family Design Resources and Christine Sebastian-

Blair (collectively, "Family Design"); and Diakon-Swan, LLC (collectively, "Defendants").

Plaintiff asserts, on behalf of himself, claims of civil rights violations he allegedly sustained in

connection with an investigation by Defendants of child abuse involving his child. The County

and Family Design have moved to dismiss for failure to state a claim. Family Design has

additionally moved to strike A.J.'s amended complaint for failure to provide a short and plain statement showing the pleader is entitled to relief.

For the reasons set forth below, the motions to dismiss are granted and the motion to strike is denied as moot.

## II.     BACKGROUND

### A.  Procedural Background

On April 24, 2019, A.J. filed his complaint against the Defendants asserting violations of 42 U.S.C. § 1981, 42 U.S.C. § 1983, and 42 U.S.C. § 1985; the First, Fourth, Fifth, Sixth, Seventh and Fourteenth Amendments of the Constitution of the United States; and Article 1 of the Pennsylvania Constitution. *See* Compl. ECF No. 1. On July 9, 2019, A.J. filed an amended complaint asserting additional claims pursuant to § 1983. *See* Am. Compl., ECF No. 15.

The Court construes the following to constitute claims being asserted in A.J.'s amended complaint even though A.J. did not separately number them: (1) a § 1981 claim against all Defendants, (2) a § 1985 claim against all Defendants, (3) a Fifth Amendment claim against all Defendants, (4) a Sixth Amendment Claim against all Defendants, (5) a Seventh Amendment Claim against all Defendants, (6) a *Monell*[1] claim for failure to adequately train against all Defendants, (7) a *Monell* claim for having a policy of withholding information against the County, (8) a First Amendment, Fourth Amendment, and Fourteenth Amendment claim against all individually named defendants, (9) a First Amendment and Fourteenth Amendment claim against all Defendants for coercion of a child safety plan, (10) a Fourth Amendment claim against all Defendants for entering A.J.'s home without probable cause; (11) a First Amendment

---

[1]     *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978).

and Fourteenth Amendment claim against all Defendants for omitting exculpatory information, (12) a First Amendment and Fourteenth Amendment claim against all Defendants for compelling A.J. to extend the safety plan, (13) a claim for abuse of process and malicious prosecution against all Defendants, (14) a claim pursuant to Article 1, Section 1 of the Pennsylvania Constitution against all Defendants for ignoring exculpatory information, (15) a First Amendment and Fourteenth Amendment claim against all Defendants for denial of discovery, and (16) a First Amendment and Fourteenth Amendment claim against all Defendants for destruction of evidence. *Id.* Due to A.J.'s numerous allegations, the Court refers to the allegations by the number in the order in which they were presented.

The County filed a motion to dismiss for failure to state a claim on July 23, 2019. *See* Cnty. Mot., ECF No. 21. That same day, Family Design filed a motion to dismiss for failure to state a claim and a motion to strike the amended complaint for failure to conform with Federal Rule of Civil Procedure 8(a)(2) to provide a short and plain statement of the claim showing the pleader is entitled to relief. *See* Fam. Mot., ECF No. 22. A.J. has responded to the motions.

## III.    LEGAL STANDARD

### A.  12(b)(6) Motion to Dismiss Standard.

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).  Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

**B. 12(f) Motion to Strike Standard.**

Rule 12(f) of the Federal Rules of Civil Procedure provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). "Content is immaterial when it has no essential or important relationship to the claim for relief. Content is impertinent when it does not pertain to the issues raised in the complaint. Scandalous material improperly casts a derogatory light on someone, most typically on a party to the action." *Griswold v. Coventry First LLC*, No. 10-5964, 2015 U.S. Dist. LEXIS 19455, at *19 (E.D. Pa. Feb. 18, 2015) (internal citations and alterations omitted).

"The standard for striking a complaint or a portion of it is strict, and 'only allegations that are so unrelated to the plaintiff's claims as to be unworthy of any consideration should be stricken.'" *Steak Umm Co., LLC v. Steak'Em Up, Inc.*, No. 09-2857, 2009 WL 3540786, at *2 (E.D. Pa. Oct. 29, 2009) (citing *Johnson v. Anhorn*, 334 F. Supp. 2d 802, 809 (E.D. Pa. 2004)). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *McInerney v. Moyer Lumber and Hardware, Inc.*,

244 F. Supp. 2d 393, 402 (E.D. Pa. 2002). Although "[a] court possesses considerable discretion in disposing of a motion to strike under Rule 12(f)," such motions are "not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." *River Road Dev. Corp. v. Carlson Corp.*, No. Civ. 89-7037, 1990 WL 69085, at *3 (E.D. Pa. May 23, 1990). Thus, striking a pleading or a portion of a pleading "is a drastic remedy to be resorted to only when required for the purposes of justice." *DeLa Cruz v. Piccari Press*, 521 F. Supp. 2d 424, 428 (E.D. Pa. 2007) (quotations omitted).

## IV.  ANALYSIS

### A.  Motion to Dismiss

Defendants move to dismiss A.J.'s amended complaint for failure to state a claim. For the following reasons, the motion is granted.

#### i.  § 1981 claim

A.J.'s first claim is a § 1981 claim against all Defendants.

To state a claim under § 1981, a party must allege facts sufficient to show: "(1) [he] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute[,] which includes the right to make and enforce contracts . . . ." *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 797 (3d Cir. 2001). The Third Circuit has held that "Congress, in promulgating § 1983 over a century ago, established that section as the exclusive remedy for violations of § 1981 by state actors. Nothing in subsequent history, including amendments to the 1991 [Civil Rights] Act, changed that remedial scheme." *McGovern v. City of Philadelphia*, 554 F.3d 114, 121 (3d Cir.

2009). In other words, "while § 1981 creates rights, § 1983 provides the [exclusive] remedy to enforce those rights against state actors." *Id*. at 116.

A.J.'s § 1981 claim is precluded by the holding in *McGovern*. A.J.'s remedy is to pursue any allegations pursuant to § 1983, not § 1981. In his response, he failed to brief his § 1981 claim. *See Celestial Comty. Dev. Corp., Inc., v. City of Philadelphia*, 901 F. Supp. 2d 566, 578 (E.D. Pa. 2010) ("To put it simply: plaintiffs who fail to brief their opposition to portions of motions to dismiss do so at the risk of having those parts of the motions to dismiss granted as uncontested"). Accordingly, A.J.'s § 1981 claim is dismissed with prejudice. *See Centifanti v. Nix*, 865 F.2d 1422, 1431 (3d Cir. 1989) (explaining an amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted). This Court will, however, allow A.J. to proceed with these claims under § 1983.

### ii. § 1985 claim

The second claim is a § 1985 claim against all Defendants.

In order to state a claim under § 1985, a plaintiff must allege: (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997). "[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010). "[A] bare assertion of conspiracy will not suffice." *Twombly*, 550 U.S. at 556.

Similar to the § 1981 claim, the § 1985 claim is devoid of any facts or elements. A.J. merely cites to the statute in asserting jurisdiction. *See* Am. Compl. at 1. In analyzing the amended complaint as a whole, A.J.'s issues stem from allegations of violations of procedural and substantive due process. The issues do not stem from a race-based conspiracy. The genesis of facts which lead to A.J.'s allegations of violations of procedural and substantive due process do not support a race-based conspiracy under § 1985. Further, in his response, A.J. failed to brief the § 1985 issue. *See Celestial Cmty.*, 901 F.Supp.2d at 578. Accordingly, this claim is dismissed with prejudice. *See Centifanti*, 865 F.2d at 1431.

### iii.    Fifth, Sixth, and Seventh Amendment claims

A.J's third, fourth, and fifth claims are of violations of the Fifth Amendment, Sixth Amendment, and Seventh Amendment. A.J. presents no facts to support these claims and merely referenced them in a conclusory fashion. *See* Am. Compl. at 1. In his response, he failed to brief these issues. *See Celestial Cmty.*, 901 F.Supp.2d at 578; *see also Schweiker v. Wilson*, 450 U.S. 221, 227 (1981) (stating the Fifth Amendment only applies to actions taken by the federal government, not state or local governments); *Austin v. United States*, 509 U.S. 602, 608 (1993) (stating protections provided by the Sixth Amendment are explicitly confined to criminal prosecutions); *Henderson v. Pollack*, No. 07-1365, 2008 WL 282372, at *4 (M.D. Pa. 2008) (stating a plaintiff has no Seventh Amendment right to a jury trial on claims that are legally meritless); *Centifanti*, 865 F.2d at 1431. Accordingly, this claim is dismissed with prejudice.

### iv.    *Monell* claims for failure to train against all Defendants and the County

A.J.'s sixth claim is a *Monell* claim for failure to train asserted against all Defendants and his seventh claim is against the County for allegedly having a policy to purposefully withhold documents.

To assert a claim for failure to train, a plaintiff must show deliberate indifference on the part of the municipality or its officer. *Starkey v. York Cnty.*, No 11-00981, 2012 WL 9509712 at *14 (M.D. Pa. 2012). A plaintiff must demonstrate that: "(1) municipal policymakers know that employees will confront a particular situation; (2) the situation involves a difficult choice . . . ; and (3) the wrong choice by an employee will frequently cause a deprivation of constitutional rights." *Id.* (internal quotation omitted) (citing *Carter v. City of Phila.*, 181 F.3d 339, 357 (3d Cir. 1999)). To survive a motion to dismiss, a plaintiff must identify the specific training that the municipality should have offered, and demonstrate that such training was never provided. *See Pahler v. City of Wilkes–Barre*, 207 F. Supp. 2d 341, 353 (M.D. Pa. 2001).

The Third Circuit Court of Appeals has noted that establishing municipal liability on a *Monell* claim for inadequate training is difficult. *Reitz v. Cnty. of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997). Generally, deficient training can only amount to the requisite deliberate indifference "where the failure to train has caused a pattern of violations." *Berg v. Cnty. of Allegheny*, 219 F.3d 261, 276 (3d Cir. 2000).

However, an exception exists and a "failure to train" *Monell* claim may proceed absent a pattern of violations if: (1) a violation of federal rights may be a highly predictable consequence of a failure train officials to handle recurrent situations; and (2) the likelihood of recurrence and predictability of the violation of a citizen's rights "could justify a finding that [the] policymakers' decision not to train an officer reflected "deliberate indifference" to the obvious consequence of the policymakers' choice — namely, a violation of a specific constitutional or statutory right." *Kline ex rel. Arndt v. Mansfield*, 255 Fed. App'x 624, 629 (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 409 (1997)).

The Third Circuit has recognized liability for a policy or custom in three circumstances:

First, the municipality will be liable if its employee acted pursuant to a formal government policy or a standard operating procedure long accepted within the government entity; second, liability will attach when the individual has policy making authority rendering his or her behavior an act of official government policy; third, the municipality will be liable if an official with authority has ratified the unconstitutional actions of a subordinate, rendering such behavior official for liability purposes.

*McGreevy v. Stroup*, 413 F.3d 359, 367 (3d Cir. 2005).

Here, A.J. failed to assert facts pertaining to the elements of failure to train or the exceptions of failure to train. He cites to conclusory statements that establish no deliberate indifference on the part of Defendants. In the cases A.J. cites to support his claim for failure to train, he omitted an important point which renders those cases inapposite: the ability of a plaintiff to identify the specific training that the municipality should have offered, and demonstrate that such training was never provided. *See Pahler*, 207 F. Supp. 2d at 353. A.J. failed to identify specific training alternatives or allege facts to establish such training was never provided. Further, for his policy or custom claim against the County, he cites to one conclusory statement. A.J.'s brief is devoid of any argument referencing a policy or custom. Both counts are insufficient to survive dismissal. This claim is dismissed without prejudice.

v.    **A.J.'s Due Process claims**

In A.J.'s eighth, ninth, eleventh, twelfth, fifteenth, and sixteenth claims, he cites to due process violations pursuant to the Fourteenth Amendment. As A.J. fails to specify whether these violations are procedural or substantive; therefore, this Court shall address both. A.J. only attempts to delineate between procedural and substantive due process in his brief.

In a claim for violation of procedural due process rights under § 1983, "a plaintiff must allege that: (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures

available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2001)). The Third Circuit has recognized that natural parents have a fundamental liberty interest in the "care, custody, and management of their child," a protected interest under both the procedural and substantive due process components of the Fourteenth Amendment. *Miller v. City of Phila.*, 174 F.3d 368, 373 (3d Cir. 1999) (quoting *Santosky v. Kramer*, 455 U.S. 745, 753 (1982)). As the Supreme Court has held, the "fundamental requirement" of procedural due process is "the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotation marks omitted). With respect to substantive due process, "a child welfare agency abridges an individual's substantive due process rights when its actions exceed both negligence and deliberate indifference, and reach a level of gross negligence or arbitrariness that indeed shocks the conscience." *Mulholland v. Gov't Cnty. of Berks, Pa.*, 706 F.3d 227, 241 (3d Cir. 2013) (internal quotation marks omitted).

Regarding procedural due process, A.J. failed to plead sufficient facts to show a violation. The amended complaint is devoid of any facts to show he was deprived of an opportunity to be heard. Additionally, regarding a violation of substantive due process, A.J. failed to plead facts to show gross negligence that shocks the conscience. While, the Court dismisses these allegations, it dismisses them without prejudice in order for A.J. amend his complaint.[2]

---

[2]  Additionally, in A.J.'s eighth claim, he asserts violations of the First Amendment, Fourth Amendment, and Fourteenth Amendment against all individually named Defendants. However, A.J. merely restates his prior counts into this count and presents nothing new. Therefore, this Court dismisses A.J.'s eighth claim with prejudice. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (claims against individual defendants in their official capacities are equivalent to claims against the governmental entity itself, they are redundant and may be dismissed).

### vi.    First Amendment claims

In A.J.'s eighth, ninth, eleventh, twelfth, fifteenth and sixteenth claims, he alleges Defendants violated his First Amendment right to association with his child. While A.J. combines this claim with his Fourteenth Amendment claims; for clarity, this Court will address A.J.'s First Amendment claims separately.

The First Amendment protects "an individual's right to enter into and maintain intimate or private relationships free of state intrusion." *Pi Lambda Phi Fraternity, Inc. v. Univ. of Pittsburgh*, 229 F.3d 435, 441 (3d Cir. 2000). Since "[f]amily relationships are the paradigmatic form of protected intimate associations," *id.*, parents' association with children is a relationship that triggers protection under the First Amendment. *Winston v. Children & Youth Servs. of Del.*, 948 F.2d 1380, 1390 (3d Cir. 1991); *see also Doe v. Fayette Cnty. Children and Youth Servs.*, No. 8–823, 2010 WL 4854070 (W.D. Pa. Nov. 22, 2010) ("Where a policy interferes with core associational liberties, 'it cannot be upheld unless it is supported by sufficiently important state interests and is closely tailored to effectuate only those interests.'") (quoting *Zablocki v. Redhail*, 434 U.S. 374, 388 (1978)).

While A.J. alleges he was prohibited from having unsupervised contact with his son, he fails to suggest a less intrusive means for Defendants to pursue their goal of protecting his son. *See D.M. v. Cnty. of Berks*, 929 F. Supp. 2d 390, 399 (E.D. Pa. 2013) (denying the defendant's motion to dismiss for the plaintiff's First Amendment claims because the plaintiff's allegations failed to plausibly suggest a less intrusive means of protecting the plaintiff's child). The Court dismisses A.J.'s First Amendment claim without prejudice.

### vii. Fourth Amendment claim

In A.J.'s tenth claim, he asserts a Fourth Amendment claim against Defendants for an allegedly warrantless entry into the home to inspect A.J.'s children and to coerce him into adopting a safety plan.

The Supreme Court has stated that the "physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed." *Payton v. New York*, 445 U.S. 573, 585–86 (1980); *see also Hudson v. Michigan*, 547 U.S. 586, 592 (2006) (holding that a police officer's "illegal manner of entry" into one's home is a "constitutional violation," albeit not one that triggers the exclusionary rule).

A.J. failed to plead sufficient facts pertaining to an alleged warrantless entry into his home. Further, A.J.'s claim that Defendants coerced him into signing a safety plan is meritless. *See Dupuy v. Samuels*, 465 F.3d 757 (7th Cir. 2006) (stating that the potential threat of removal proceedings does not necessarily render a parent's consent to a safety plan involuntary). Therefore, A.J.'s Fourth Amendment claim is dismissed without prejudice.

### viii. Malicious prosecution/abuse of process claim

In A.J's thirteenth claim, he alleges a claim of malicious prosecution and abuse of process against Defendants.

To prevail on a § 1983 malicious prosecution action, a plaintiff must show: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of a seizure as a consequence of the

legal proceeding. *Robinson v. Fetterman*, 378 F. Supp. 2d 534, 544 (E.D. Pa. 2005) (citing *DiBella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d Cir. 2005)).

A § 1983 claim for malicious abuse of process lies where prosecution is initiated legitimately and thereafter is used for a purpose other than that intended by the law. *Talbert v. Ciglar*, No. 18-2518, 2019 WL 653219, at *10 (E.D. Pa. Feb. 15, 2019). To state an abuse of process claim, there must be some factual allegation of a definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process. *Id.*

A.J. fails to plead specific facts to properly allege a claim for malicious prosecution or abuse of process. Rather, he restates his other claims into this claim. This is insufficient. Accordingly, this claim is dismissed with prejudice. *See Centifanti*, 865 F.2d at 1431.

### ix. Pennsylvania Constitution claim

Lastly, in A.J.'s fourteenth claim, he alleges a violation under Article 1, Section 1 of the Pennsylvania Constitution.

Article 1, Section 1 of the Pennsylvania Constitution states, "All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness." PA. CONST. art. § 1, § 1. However, the State of Pennsylvania does not recognize actions for money damages for violations of the state constitution. *Seldomridge v. Penn State Hershey Med. Ctr.*, 24 F. Supp. 3d 425, 431 (E.D. Pa. 2014). Therefore, this claim is precluded and is dismissed with prejudice. *See Centifanti*, 865 F.2d at 1431.

**B. Motion to Strike**

Family Design filed a motion to strike pursuant to Federal Rule of Civil Procedure 12(f)., requesting that the amended complaint be dismissed due to its length and incoherent nature. However, since the Court granted Defendants' motion to dismiss, this motion is moot. Nonetheless, this Court shall provide guidance to A.J. on how to properly file a complaint.

Federal Rule of Civil Procedure 8 requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "Each allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). Federal Rule of Civil Procedure 10 sets forth the requirements of form in pleadings. In particular, Rule 10(b) states as follows:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b)

In *Burks v. City of Philadelphia*, 904 F. Supp. 421, 424 (E.D. Pa. 1995), the court dismissed a thirty-six page, 128 paragraph complaint in its entirety. The court stated, "the complaint reads more like a novel than the legal pleading it purports to be. For example, the complaint improperly and amateurishly repeats, more than a dozen times, the bald allegation that Scott harbored racial bias toward Plaintiffs." *Id.* The court dismissed the complaint in its entirety and permitted the plaintiff twenty days to refile. *Id.*

Plaintiff presents an amended complaint in which his counsel incoherently rambles for eighty-six pages and 196 paragraphs. The paragraphs would in fact, be greater than 196 but for a

violation of Federal Rule of Civil Procedure 10(b) by utilizing letters rather than numbered paragraphs for the claims. The amended complaint is poorly drafted and difficult to analyze, claims are randomly strewn across the document, facts are constantly restated, pictures are posted to the document to where facts should be, and Plaintiff improperly utilizes fact paragraphs for legalese. *See, e.g.* Am. Compl. at ¶ 7.

If Plaintiff files a second amended complaint, Plaintiff must cure all deficiencies discussed here. The errors this Court mentioned are not exhaustive. Plaintiff shall abide by Federal Rule of Civil Procedure 8(a)(2) by providing a short and plain statement and by Federal Rule of Civil Procedure 10(b) by using numbered paragraphs, not lettered paragraphs. All causes of action are to be set forth in separately numbered counts.

## V.    CONCLUSION

For the reasons stated above, Defendants' motions to dismiss are granted. A.J. is given a final opportunity to sufficiently plead facts to state a claim. A.J. has twenty-one days to re-file a second amended complaint. A.J. may only present claims that were dismissed without prejudice. A.J. may not assert claims that were dismissed with prejudice. Any second amended complaint must adhere to all applicable court rules.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge