UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| A.J. and K.J., Plaintiffs, | : : : : | |
| v. | : : | No. 5:19-cv-01768 |
| LANCASTER COUNTY; CRYSTAL A. NATAN, *Executive Director*; ROBIN BOYER; ALEXIS PALMER; CHRISTOPHER HORNBERGER; CHRISTINE SEBASTIAN-BAIR; COURTNEY J. RESTEMAYER, ESQ.; PAT DOES #1-10; ATTORNEY DOES #1-10, Defendants. | : : : : : : : : : : : | |

**O P I N I O N**
Defendant's Motions to Dismiss, ECF No. 30 — Granted
Defendant's Motion to Dismiss and Strike, ECF No. 31 — Granted in part and denied in part as moot.

**Joseph F. Leeson, Jr.**                                                                                       **December 23, 2019**
**United States District Judge**

**I.    INTRODUCTION**

A.J., the biological parent of a minor initiated this action against Lancaster County, Crystal Natan, Robin Boyer, Alexis Palmer, Christopher Hornberger, Courtney Restemayer, Esq., David J. Natan, Esq., (collectively, "the County"); and Christine Sebastian-Bair (collectively, "Defendants"). Now, A.J. and A.J. (collectively "Parents"), the parents of the minor, assert, on behalf of themselves, claims of civil rights violations they allegedly sustained in connection with an investigation by Defendants of child abuse involving their child. This Court previously dismissed the first amended complaint when A.J. was the sole Plaintiff. Parents

have filed a second amended complaint. The County and Sebastian-Bair have each moved to dismiss for failure to state a claim. Sebastian-Bair has additionally moved to strike Parents' second amended complaint for failure to provide a short and plain statement showing the pleader is entitled to relief.

For the reasons set forth below, the motions to dismiss are granted and the motion to strike is denied as moot.

## II. BACKGROUND

### A. Procedural Background

On April 24, 2019, A.J. filed a complaint against the Defendants asserting violations of 42 U.S.C. § 1981, 42 U.S.C. § 1983, and 42 U.S.C. § 1985; the First, Fourth, Fifth, Sixth, Seventh and Fourteenth Amendments of the Constitution of the United States; and Article 1 of the Pennsylvania Constitution. *See* ECF No. 1. On July 9, 2019, A.J. filed his first amended complaint asserting additional claims pursuant to § 1983. *See* ECF No. 15.

The County filed a motion to dismiss for failure to state a claim on July 23, 2019. *See* ECF No. 21. That same day, Family Design[1] filed a motion to dismiss for failure to state a claim and a motion to strike the amended complaint for failure to conform with Federal Rule of Civil Procedure 8(a)(2) to provide a short and plain statement of the claim showing the pleader is entitled to relief. *See* ECF No. 22.

This Court dismissed A.J.'s first amended complaint on October 11, 2019. *See* ECF No. 28. Parents then filed their second amended complaint on November 1, 2019, including K.J. as a Plaintiff. *See* ECF No. 29. The second amended complaint asserts violations pursuant to the

---

[1] Family Design is no longer a Defendant in this action because Parents, in their second amended complaint, did not file claims against the organization.

Fourteenth Amendment of the Constitution of the United States. The County has filed a motion to dismiss for failure to state a claim. *See* ECF No. 30. Sebastian-Bair has also filed a motion to dismiss for failure to state a claim and a motion to strike the amended complaint for failure to conform with Federal Rule of Civil Procedure 8(a)(2) to provide a short and plain statement of the claim showing the pleader is entitled to relief. *See* ECF No. 31. Parents have responded to the motions and the matter is ready for review.

## III.   LEGAL STANDARD

### A. 12(b)(6) Motion to Dismiss Standard.

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## IV. ANALYSIS

### A. Motion to Dismiss

Parents bring forth seven claims against Defendants. The claims are set forth are follows: (1) a substantive due process claim against the County for deliberately ignoring the SCAN team accidental fracture diagnosis to coerce a safety plan, (2) a substantive due process claim against the County for coercing an extension of a safety plan to compel Parents to obtain a second SCAN team evaluation, (3) a substantive due process claim against the County for omitting exculpatory information from ex parte custody petition, (4) a substantive due process claim against the County for denying Parents discovery, (5) a substantive due process claim against Hornberger and Palmer[2] in their individual and official capacities for deliberately ignoring the SCAN team accidental fracture diagnosis when coercing initial safety plan, (6) a substantive due process claim against Hornberger and Palmer in their individual and official capacities for deliberately ignoring the SCAN team accidental fracture diagnosis when coercing Parents for an extension of the safety plan, and (7) a *Monell*[3] claim against the County for failure to train. For the following reasons, Defendants' motions to dismiss are granted.

#### i. Claims against individual Defendants

In Counts Five and Six, Parents bring forth a substantive due process claim against Hornberger and Palmer in their individual and official capacities for deliberately ignoring the SCAN team accidental fracture diagnosis when coercing initial safety plan and for deliberately

---

[2] Hornberger was employed by the County as a case worker for the County. Palmer for a supervisor in the intake department for the County.

[3] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)

ignoring the SCAN team accidental fracture diagnosis when coercing Parents for an extension of the safety plan.

However, this Court in its October 11, 2019 Opinion and Order dismissed Parents' claims against the individual Defendants in their official capacities with prejudice as they were redundant and presented nothing new. Counts Five and Six are in contravention of the Court's October 11, 2019 Opinion and Order. Accordingly, Counts Five and Six are dismissed with prejudice and this Court's adopts and incorporates its October 11, 2019 Opinion and Order addressing claims against individual defendants in their official capacities. *See* ECF Nos. 27 and 28.

As to Parents claims against Hornberger and Palmer in their individual capacities, these claims are dismissed because with prejudice, as discussed below, there are no underlying constitutional violations. See *Fennell v. Penchishen*, No. 19-111, 2019 WL 1934877, at *3 (E.D. Pa. April 30, 2019) (stating to establish a claim against a person in their individual capacity, a party must establish each individual defendant acting under color of law, violated his constitutional or statutory rights, and caused the alleged injury) (citing *Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005)).

    ii.    **Substantive due process claims**

In Counts One through Four, Parents present substantive due process violations against the County. For the following reasons, the claims are dismissed with prejudice as Parents possessed a prior opportunity to amend their complaint.

The Supreme Court has long recognized "[t]he fundamental liberty interest of natural parents in the care, custody, and management of their child . . . ." *Santosky v. Kramer*, 455 U.S. 745, 753 (1982). "To prevail on a substantive due process claim challenging a state actor's

5
122319

conduct, 'a plaintiff must establish as a threshold matter that he has a protected property interest to which the Fourteenth Amendment's due process protection applies.'" *Judge v. Shikellamy Sch. Dist.*, 135 F. Supp. 3d 284, 295 (M.D. Pa. 2015) (quoting *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 139–40 (3d Cir. 2000)).

The County argues Parents have failed to satisfy this threshold, noting courts in the Third Circuit that have addressed substantive due process claims in this context have all involved child abuse investigations where a parent or child is actually removed from the family home, which did not occur here. *Compare Miller v. City of Philadelphia*, 174 F.3d 368 (3d Cir. 1999) (children removed from home); *Croft v. Westmoreland Cnty. Children & Youth Servs.*, 103 F.3d 1123 (3d Cir. 1997) (father compelled to leave by threat to remove daughter from home); and *Ramer v. Long*, No. 4:09-1791, 2010 WL 6025351 (M.D. Pa. Nov. 30, 2010) (uncle compelled to leave by threat to remove niece from home); *with Coleman v. State of N.J. Div. of Youth & Family Servs.*, 246 F. Supp. 2d 384, 388–90 (D.N.J. 2003) (insensitive comments and threat to continue child abuse investigation did not violate substantive due process). This Court's own research within the Third Circuit supports the County's position that a parent's fundamental liberty interest in the care, custody, and management of his or her child is not implicated by conduct short of actual separation of parent and child. *See Craven v. Leach*, No. 14-1860, 2015 WL 12698442, at *6 (D.N.J. Oct. 1, 2015) (limiting parent to supervised contact did not implicate due process); *Rinderer v. Delaware Cnty. Children & Youth Servs.*, 703 F. Supp. 358, 361 (E.D. Pa. 1987) (no cause of action under § 1983 where parent not separated from children).

Accordingly, even with an opportunity to amend their complaint, Parents failed to plead their child was removed from their home. Rather, they present claims that are irrelevant to a child being physically removed from a home. This is insufficient to survive dismissal as the

conduct does not factually establish a claim for substantive due process. Thus, Parents substantive due process claims are dismissed with prejudice as they have received a prior opportunity to amend their complaint.

### iii. *Monell* claims for failure to train against the County

Parents last claim is a *Monell* claim for failure to train against the County for violating substantive due process by ignoring the SCAN Team's accidental diagnosis of physical child abuse, coercing Parents into an agreement for a safety plan without an objectively reasonable basis, omitting exculpatory information in applying for ex parte petitions for custody, denying discovery during a dependency proceeding, and redacting or obliterating exculpatory information from evidence.

To assert a claim for failure to train, a plaintiff must show deliberate indifference on the part of the municipality or its officer. *Starkey v. York Cnty.*, No 11-00981, 2012 WL 9509712 at *14 (M.D. Pa. 2012). A plaintiff must demonstrate that: "(1) municipal policymakers know that employees will confront a particular situation; (2) the situation involves a difficult choice . . . ; and (3) the wrong choice by an employee will frequently cause a deprivation of constitutional rights." *Id.* (internal quotation omitted) (citing *Carter v. City of Phila.*, 181 F.3d 339, 357 (3d Cir. 1999)). To survive a motion to dismiss, a plaintiff must identify the specific training that the municipality should have offered, and demonstrate that such training was never provided. *See Pahler v. City of Wilkes–Barre*, 207 F. Supp. 2d 341, 353 (M.D. Pa. 2001).

The Third Circuit Court of Appeals has noted that establishing municipal liability on a *Monell* claim for inadequate training is difficult. *Reitz v. Cnty. of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997). Generally, deficient training can only amount to the requisite deliberate indifference

"where the failure to train has caused a pattern of violations." *Berg v. Cnty. of Allegheny*, 219 F.3d 261, 276 (3d Cir. 2000).

An exception exists and a "failure to train" *Monell* claim may proceed absent a pattern of violations if: (1) a violation of federal rights may be a highly predictable consequence of a failure to train officials to handle recurrent situations; and (2) the likelihood of recurrence and predictability of the violation of a citizen's rights "could justify a finding that [the] policymakers' decision not to train an officer reflected "deliberate indifference" to the obvious consequence of the policymakers' choice — namely, a violation of a specific constitutional or statutory right." *Kline ex rel. Arndt v. Mansfield*, 255 Fed. App'x 624, 629 (3d Cir. 2007) (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 409 (1997)).

Notwithstanding the elements to a *Monell* claim or the exception, "[a] municipality cannot be held liable on a *Monell* claim absent an underlying constitutional violation." *Johnson v. City of Phila.*, 837 F.3d 343, 354 n.58 (3d Cir. 2016) (citing *Grazier ex rel. White v. City of Phila.*, 328 F.3d 120, 124 (3d Cir. 2003)). As stated in Section ii, Parents failed to sufficiently factually plead a violation of substantive due process because the child was never physically removed from the home.

Accordingly, as Parents failed to plead a substantive due process violation, there is no underlying constitutional violation and their *Monell* claims cannot proceed. Even with a second opportunity to amend their complaint and apprise themselves of the relevant precedent, Parents could not factually plead their child was actually removed from the home, or any other underlying constitutional violation. Absent such factual allegations, the Court cannot allow Parents' *Monell* claim to continue. Therefore, Parents' *Monell* claims are dismissed with prejudice as they have received a prior opportunity to amend their complaint.

**B. Motion to Strike**

Sebastian-Bair has moved to strike Parents' second amended complaint for failure to provide a short and plain statement showing the pleader is entitled to relief. However, because this Court grants the motion to dismiss, the motion to strike is denied as moot.

**V.  CONCLUSION**

For the reasons stated above, Defendants' motions to dismiss are granted. Parents have failed to plead facts establishing a violation of substantive due process. As the Parents have received a prior opportunity to amend their complaint, their claims are dismissed with prejudice.

A separate Order follows.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge